UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LEO WASHINGTON

Plaintiffs,

v.

VANESSA FANG, *et al.*,

Defendants.

Case No. 3:26-cv-00694-MMD-CLB

ORDER

*Pro se* Plaintiff Leo Washington filed this *in forma pauperis* action against over 80 alleged defendants. (ECF No. 1-1.) On September 17, 2026, Magistrate Judge Carla L. Baldwin recommended dismissal of the action for failure to state a claim with leave to amend. (ECF No. 3. ("R&R").) The R&R was returned to the Court as undeliverable. (ECF No. 4.) On October 1, the Court informed Plaintiff of his responsibility to file a notice of change of address with the Court. (ECF No. 5 (citing LR IA 3-1).) The Court *sua sponte* extended the deadline for Plaintiff to update his address with the Court to November 2, 2026. (*Id.*) The Court warned Plaintiff that the action would be dismissed without prejudice if he failed to update his address by that deadline. (*Id.*) This advisory notice to Plaintiff was again returned as undeliverable. (ECF No. 6.) The extended deadline for Plaintiff to update his address with the Court passed without a response from Plaintiff.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This action cannot realistically proceed until and unless Plaintiff provides an updated address so he may receive litigation-related notices and responses from the Court and Defendants. The only alternative is to enter a second order setting another deadline. But that order would be sent to the existing incorrect address the Court has on file and will continue to not reach Plaintiff, delaying the inevitable and squandering the Court's finite resources. Setting another deadline is

therefore not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with the Court's October 1 order. The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 3rd Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE